UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 11cr1286 AJB |
| Plaintiff, ) | ORDER DENYING DEFENDANT'S |
| v. ) | MOTION TO DISMISS COUNT ONE OF |
| ) | THE INDICTMENT |
| JORGE VALDAVINOS-TORRES, ) | |
| Defendants. ) | |

    Defendant is charged with 8 U.S.C. § 1326, being a deported alien found in the United States. The charge involves the prior conviction of an aggravated felony in 2007 under Cal. Health and Safety Code § 11378.

    Defendant challenges the indictment pursuant to 8 U.S.C. § 1326(d). The essence of the challenge is whether the available documents concerning the underlying conviction satisfies the modified categorical analysis called the Modified Categorical Approach which would determine if the record would unequivocally establishes that defendant was convicted of a generically defined crime, even if the statute defining his crime is overly inclusive. *Martinez-Perez*, 417 F.3d 1022 (9th Cir. 2005). A prior conviction based on an overly inclusive criminal statute which resulted from a guilty plea rather than a jury verdict will support a sentence enhancement only if the records confirms that the plea "necessarily" rested on the fact identifying the offense as generic. *Sheppard v. United States*, 544 U.S.

13 (2005).   In making this determination, "any inquiry beyond statute and charging document must be narrowly restricted to implement the object of the statute and avoid evidentiary dispute. *Id.*

The defendant relies upon *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (*en banc*) and *Ruiz-Vidal v. Gonzalez*, 473 F.3d 1072 (9th Cir. 2007). However, unlike *Vidal* and *Ruiz-Vidal*, the documents in this case demonstrate that defendant admitted the controlled substance in his underlying case was methamphetamine. Defendant specifically plead guilty to count two of the Complaint charging him with possession of methamphetamine for sale in violation of Cal. Health and Safety Code § 11378. The defendant's Plea Agreement and the Minute Order showed that the defendant understood that he was pleading guilty to count two of the Complaint, as did the abstract of judgment. Despite this being a *People v. West*[1] plea, this is sufficient to demonstrate an admission to all of the material allegations, including the allegation of methamphetamine. The totality of the record made this quite clear, unlike the cases cited by defendant..

As the Court pointed out in *Ruiz-Vidal*, "Although charging papers alone are never sufficient, 'charging papers may be considered in combination with a signed plea agreement'"*Id* at 1078 (internal citations omitted).

Based on this fact, and the reasons set forth on the record at the hearing, defendant's Motion to Dismiss is ***denied***.

IT IS SO ORDERED.

DATED:  June 27, 2011

Hon. Anthony J. Battaglia
U.S. District Judge

---

[1] 3 Cal. 3d 595 (1970)